E-FILED
Thursday, 28 June, 2007  02:43:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY DAMM,

    Plaintiff,

v.                                                                                            07-CV-3129

JUDGE JOSEPH P. KOVAL,
STATES ATTORNEY VINCE MORETH,
PUBLIC DEFENDER WILLIAM HEBRON,
CLERK OF COURT MIKE MATHIS,

    Defendants.

## Case Management Order (Merit Review)

The plaintiff, currently incarcerated in Cottonport, Louisiana, filed this action regarding Defendants' alleged failure to properly respond to his inquiries and letters.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary.  The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).

*Allegations*

Plaintiff corresponded with the Circuit Court of Macoupin County, Illinois, over a period of months, informing Judge Koval that Plaintiff had not been able to contact his family in Carlinville, Illinois.  Judge Koval directed Plaintiff's letters be filed and entered text orders responding to the correspondence.  In response to one letter, Judge Koval provided Plaintiff with a page from a local telephone book so that Plaintiff would have address and phone information for his relatives.  However, the Court declined Plaintiff's request for the Court to call one of the plaintiff's relatives to see if the relative had received Plaintiff's correspondence.  Thereafter, defendant Mathis, the Clerk of Court of the Macoupin County Courthouse, faxed one of Plaintiff's letters to Plaintiff's place of incarceration in Louisiana.  The letter caused Plaintiff to be placed in administrative segregation, though the letter was not intended to harass or threaten the Warden, but instead only to find out who was interfering with and opening his legal mail at

the prison. Plaintiff maintains that Mathis violated Plaintiff's First Amendment rights.

Plaintiff asserts that State's Attorney Moreth and Public Defender Hebron violated Plaintiff's access to courts by refusing to respond to Plaintiff's motions and to forward Plaintiff's documents to the Federal Bureau of Investigations.

Plaintiff asks to subpoena the defendants to compel their affidavits regarding whether they received Plaintiff's documents. He also seeks copies of documents in one of his cases and affidavits from his relatives to see if they received his mail.

*Analysis*

Plaintiff's primary complaint seems to be that these defendants refused to do something about his claims that the prison is interfering with his mail. There is no federal civil claim based on state officials refusing to investigate Plaintiff's claims against Louisiana prison officials, or refusing to assist Plaintiff in investigating and proving his claims (even putting aside concerns of absolute judicial immunity regarding Judge Koval). If prison officials in Louisiana are unconstitutionally interfering with Plaintiff's mail, Plaintiff's claim is against those prison officials, filed where the violations are taking place. Further, Plaintiff states no access to courts claim based on Moreth's and Hebron's refusal to respond to Plaintiff's communications.

Lastly, Plaintiff has no federal claim against the Macoupin County clerk of court for sending one of Plaintiff's letters to the prison. Documents filed with the court are public record. If Plaintiff's placement in segregation for that letter was unconstitutional, Plaintiff's claim is against the prison officials who put him in segregation, not against the clerk of court.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the Court finds that the plaintiff fails to state a claim upon which relief may be granted. Accordingly, this case is dismissed with prejudice and terminated. This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g)[1].

2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A

---

[1] 28 U.S.C. Section 1915(g): "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prisoner occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Entered this 28th Day of June, 2007.

                                                    **s\Harold A. Baker**

                                                  HAROLD A. BAKER
                                     UNITED STATES DISTRICT JUDGE